## No. 13,242.

### JOSEPH SOLOMON VS. E. S. GARDINER ET ALS.

### SYLLABUS.

Two defendants having been adjudged, *in solido,* to pay a note, one as principal and the other as surety, and both having prosecuted appeals to the Court of Appeals from said judgment, and the principal having prosecuted an appeal to the Supreme Court from a judgment dismissing his reconventional demand, a change of the jurisdiction of the former court *pendente lite* so as to empower it to decide all the issues in the case, necessarily resulted in a complete consolidation of the two appeals, so as to make one cause, as when it was at first decided in the District Court. The moment of time when the constitutional provision went into effect, the jurisdiction of the Supreme Court in said cause ceased, and it became fully vested in the Court of Appeals and gave it the power to decide all the issues therein raised just as though they had not been separated; except in so far as the Supreme Court should have adjudged the matters at issue while it had appellate jurisdiction thereof.

IN RE Peter Doerr applying for *certiorari* or writ of review to the Court of Appeals, Parish of Orleans, State of Louisiana.

---

*Charles Louque* for Peter Doerr, Petitioner.

---

Respondent judges for themselves.

*Dinkelspiel & Hart* for Joseph Solomon, also Respondent.

The opinion of the court was delivered by

WATKINS, J. Plaintiff, Solomon, brought suit against the defendants, Gardiner and Doerr, on a note for $1777.15, which was signed by the former and endorsed by the latter, and judgment was prayed for against them *in solido.*

The defendant, Gardiner, for answer, plead a failure of consideration of the note, stating the grounds quite circumstantially, and he then set up a claim in reconvention, in the sum of $8000.00, for which he prayed judgment against the plaintiff.

The defendant, Doerr, set up, against his endorsement, defences that were personal to Gardiner as principal, for whom he is surety, but he did not demand damages of the plaintiff, nor join the principal in his reconventional demand therefor.

There was a judgment rendered against both defendant *in solido* for the amount of the note, and a judgment dismissing Gardiner's reconventional demand.

From the judgment on the note, both defendants prosecuted an appeal to the court of the respondents, and from the judgment dismissing the reconventional demand of the defendant, Gardiner, for damages, the latter, alone, prosecuted an appeal to this court—such a course being the jurisdictional one under the Constitution of 1879.

This court reversed the judgment dismissing Gardiner's reconventional demand, and remanded the cause to the District Court for a new trial, with instructions to admit and consider certain rejected testimony; and, at a trial subsequently had in that court, there was a judgment rejecting Gardiner's reconventional demand and, therefrom, he alone has prosecuted an appeal to the court of the respondents—such a course being the jurisdictional one under the Constitution of 1898, which invests the court possessing appellate jurisdiction of the main demand, with like jurisdiction of a reconventional demand.

It thus appears that there are now pending in the respondents' court the two aforsaid appeals, and the complaint of the relator is that the respondents consolidated the two appeals, in so far as the appellant, Gardiner, is concerned, but rendered judgment against him for the amount of the note, and, also, for *five per cent.* damages for a frivolous appeal, in utter disregard of his legal rights.

His contention is that, as he is only a surety of the appellant, Gardiner, and entitled to be discharged in case his principal is released from payment of the obligation sued on, the judgment of the respondents, pronounced against him, renders him bound, absolutely, and unconditionally, for the debt, notwithstanding his principal may be entirely relieved from liability; and that in so doing they have committed an error from which he is entitled to be relieved by this court in the exercise of its jurisdiction to review and revise their decrees.

That he is legally entitled to have the property of his principal discussed before execution is taken against him, and, therefore, judgment already pronounced against him in advance of the decision of Gardiner's appeal, may result very prejudicially to that right.

That, considering the relations of principal and surety existing between himself and Gardiner, he is entitled to avail himself of all the defences that Gardiner has set up in his answer; and, of that right, he is utterly deprived by the respondents' judgment, of which he complains.

The relief that relator asks at our hands is that the judgment pronounced against him be annulled and set aside, and the respondents required to consolidate the two appeals, and give to the consolidated cause a like *status* as the one it had in the District Court when judgment was first pronounced.

The respondents return; (1) that the application for the writ of review was not made within the time prescribed by Article 101 of the Constitution, and, hence, this court is without power or authority to act in the premises; (2) that this is not a proper case for the exercise of this court's power of review and revision.

In answer to the *certiorari,* respondents have annexed the original records of their court, and also a copy of their opinion and decree, which relator desires this court to review and revise.

An examination of that opinion discloses that the respondent entertained the view, and decided, that the relator must "stand or fall by the record as made up in the appeal taken by him, which was from the judgment on the main demand," and that, as he is "an appellee from the subsequent judgment on the reconventional demand, * * he can take no relief therefrom, whether it be finally affirmed or reversed."

And upon that theory the argument of respondents' opinion proceeds.

In our opinion that view is somewhat inaccurate in the two particulars (1) that the relator is an *appellant* from the judgment of the District Court as it was originally rendered against him *and* Gardiner *in solido* for the amount of the note sued on, and the *sole* defense to which was *failure of consideration,* and from which Gardiner is, likewise, an appellant; (2) that the District Court had rejected and disallowed *all* evidence tending to support Gardiner's plea of failure of consideration, in which the relator had a direct and immediate interest, and, therefore, the latter is not bound "to *stand or fall by the record as made up in the appeal taken by him,*" it appearing from that record that both the relator and Gardiner excepted to the ruling of the District Court rejecting their testimony, and reserved a bill of exceptions thereto.

True it is that *Gardiner alone* prosecuted an appeal to this court from the judgment *dismissing his reconventional demand,* but it is manifest that relator had no interest in that demand, as its *sole* purpose was the recovery of a judgment of $8000.00 in damages against the plaintiff, and he could have accomplished nothing by joining Gardiner in the prosecution of *his* appeal.

But, relator had an interest in the evidence which was rejected, as its tendency was to show a failure of consideration of the note, with respect to Gardiner as principal; for if it established that fact it would, necessarily, have resulted in his relief, also.

This is shown by the opinion of respondents, from which we make the following extract, viz:

"We fully appreciate the fact that defendants' evidence in support of their defence and of Gardiner's reconventional demand was only administered after the appeal on the main demand had been perfected, and the record thereof lodged in this court, as under the circumstances stated it could only have been so taken; and that that evidence can only be found in the record of appeal on the reconventional demand, which is not yet before us for consideration. Nor are we unmindful of the fact that it would be eminently unjust, under the peculiar circumstances of this case, brought about by no fault of the parties to this cause, but occasioned as a result of the change in the jurisdiction of the appellate courts, not to afford opportunity to the defendants to have their evidence, administered in support of their

defence, considered, *if they otherwise have complied with the require-*
*ments of the law by which that evidence may be considered, and their*
*cause heard.*

"To afford this opportunity, it is not necessary to remand the cause.
" A more regular and orderly course is to consolidate the two appeals
" and to so advance the latter appeal on our docket, that no unneces-
" sary delay may be occasioned in the hearing of the entire case."

Consequently, when this court reversed the judgment and remanded
the cause to the District Court, with instructions to receive and con-
sider the rejected evidence, the effect of that decree was to benefit the
relator as well as Gardiner with relation to the plea of failure of con-
sideration; that question being involved in the merits of the cause in
respondents' court on the joint appeal of both defendants.

Respondents seem to have overlooked the fact that the reconven-
tional demand of Gardiner was an entirely independent matter of
dispute from the plea of failure of consideration.

That the failure of consideration was a matter in dispute on behalf
of both defendants, whilst the reconventional demand, in damages,
was a matter in dispute on behalf of Gardiner alone.

It seems clear, to our minds, that there were two palpable effects of
the judgment of this court that respondents overlooked in their
decision; (1) that in remanding the reconventional demand, with in-
structions to the District Court to receive the rejected evidence, it
necessarily benefitted both defendants, who were both, likewise, appel-
lants from the judgment as originally rendered in the District
Court; (2) that the appellate jurisdiction of respondents' court having
been changed *pendente lite,* the appeal pending in their court at the
time of the adoption of the Constitution, was necessarily impressed
with the decision of this court *pro hac vice;* that is to say, the cause
when remanded to the District Court became a necessary ingredient
of the appeal then pending in the respondents' court, as, under the
Constitution, the principal and reconventional demand became incor-
porated into one cause for the purpose of an appeal, as they were
originally in the District Court.

In other words, the effect of the constitutional provision was to
unite the appeals and make them one, just as though they had not
been severed at all. This being the case at the time of the rendition
of the judgment complained of, the two appeals in respondents' court
were really one and the same; and the proceedings had, and evidence

taken in the cause when it was last tried and decided by the District Court, constituted as much a part of the first appeal as if the whole case had been taken to the respondents' court originally.

The respondents recognized this principle in part, by consolidating the two appeals that Gardiner had taken, but declined to recognize it in respect to the relator's appeal.

This does not appear to us to be either logical or consistent; for if the pending appeal of Gardiner could be supplemented by the second judgment and appeal, that of relator could, likewise; as the first appeal was in all respect identical as to both of them. If it is permissible for the *second* appeal to be examined and considered for the proper determination of the issues raised in the *first* appeal, with respect to Gardiner, it is equally so in respect to Doerr.

The Constitution of 1898 had fully invested the respondents' court with jurisdiction of the reconventional demand, as well as of the original demand, and, hence, it was just as competent for it to try and decide at one time all the issues raised on the two appeals as it was for the District Court to have done so, originally.

It can not be supposed that the framers of the organic law intended, by the change in the appellate jurisdiction of the Court of Appeals, to endanger, or abridge, the rights of litigants situated as are those of the relator.

As this court was of opinion, and decided, that the District Court erroneously excluded the defendants' evidence over their objection and joint exception, the relator is quite as much entitled to the benefit of same, when administered, as Gardiner is, in so far as it relates to the plea of failure of consideration.

The objection urged by the respondents to the effect that the thirty days, prescribed by the Constitution, within which an application for a writ of review may be made, are to be computed from the date of the rendition of the judgment by the Court of Appeals, and not from the date when a rehearing has been refused, has been thoughtfully considered by this court without being able to sustain it. The language employed in the article referred to, technically construed, would lead to the construction that is contended for, but we do not see how this court could be expected, or reasonably required, to take jurisdiction of a cause still pending and undisposed of in the respondents' court; for *non constat,* that they might not grant the rehearing

and render a different decree. We can not, therefore, maintain respondents' exception.

For the reasons assigned in the foregoing opinion, it is ordered and decreed that the judgment which was rendered against the relator be anulled and set aside; and it is further ordered and decreed that the two appeals in the case of Joseph Solomon vs. E. G. Gardiner *et al.,* now pending in respondents' court, be consolidated as to all parties, and tried and determined as one cause, and that the cost of this proceeding be taxed against respondents.